STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
YORK, ss.                                         DOCKET NO. RE-05-126

                                                  CAB-YOR- 5/5/06

26 COMMON STREET, LLC,

              Plaintiff


              v.                                  **ORDER**


DIANE PARSLOW,

              Defendant


Before the Court is Plaintiff 26 Common Street, LLC's motion for summary judgment on the issue of whether Plaintiff has the right of title to the property occupied by Defendant Diane Parslow. Following hearing, the Motion is Denied.

## BACKGROUND

The facts in the light most favorable to Diane Parslow, the nonmoving party, are as follows: Approximately eleven years ago (1995), John Provost and Diane Parslow entered into an oral agreement such that Ms. Parslow would live in an apartment unit owned by John Provost at 26 Common Street, Saco, rent free, heat free, and electricity free for the rest of her life if she promised to take care of John Provost's three children. Prior to the agreement, Ms. Parslow was living in a much nicer subsidized apartment located at 14 Boyton Avenue, Saco. At that time, John Provost was married to Ms. Parslow's daughter. Pursuant to the agreement, Ms. Parslow spent a considerable amount of time taking care of her three grandchildren in exchange for free rent. She asserts that the caretaking she provided for her grandchildren was more than an average grandmother would have provided. Eight years ago, Ms. Parslow began

working for John Provost's medical billing company. In November 2001, Ms. Parslow's daughter and John Provost divorced. Ms. Parslow remained living in the unit rent-free.

Recently, Ms. Parslow was laid off from her employment at John Provost's medical billing company. Subsequent to the lay-off, 26 Common Street, LLC, contacted Ms. Parslow and claimed that it now owns the building and wants a signed lease and rental payment from her.

In June 2005, 26 Common Street initiated a forcible entry and detainer action against Ms. Parslow in the Biddeford District Court. By agreement of the parties, the District Court continued the case to determine whether Ms. Parslow owns a life estate in the unit and, thus, may not be evicted.

## DISCUSSION

The parties' dispute whether John Provost and Ms. Parslow entered into the oral agreement described above. Notwithstanding, John Provost argues that any contract for an interest in land must be in writing to be enforceable. In response, Ms. Parslow argues that under the doctrine of partial performance, John Provost is equitably estopped from voiding the contract. She asserts that she partially performed under the contract by leaving a nicer apartment to move to 26 Common Street, by taking possession of the unit at 26 Common Street for over ten years, by not paying rent for over ten years, and by taking care of John Provost's children.

Under Maine law, absent extraordinary circumstances, a contract for the sale of land must be in writing to be enforceable. 33 M.R.S.A. § 51(4) (1999) (statute of frauds). A transfer of real property without a written instrument may be enforced only if the party seeking to enforce the contract proves by clear and convincing evidence that an oral contract exists and that an exception to the statute of frauds applies. *Sullivan v.*

2

*Porter*, 2004 ME 134, ¶ 10, 861 A.2d 625, 630. One exception to the statute of frauds is found in the part performance doctrine. *Id.*

To remove a contract from the operation of the statute of frauds pursuant to the partial performance doctrine, "the party seeking to enforce the contract must establish by clear and convincing evidence (1) that the parties did enter into a contract; (2) that the party seeking to enforce the contract partially performed the contract; and (3) that the performance was induced by the other party's misrepresentations, which may include acquiescence or silence." *Sullivan*, 2004 ME 134, ¶ 11, 861 A.2d at 630.

The Court reviews a motion for summary judgment in the light most favorable to the non-moving party to determine whether the parties' statements of material fact and the referenced record indicate any genuine issue of material fact. *Bayview Bank, N.A. v. The Highland Gold Mortgagees Realty Trust*, 2002 ME 178, ¶ 9, 814 A.2d 449, 451. Summary judgment permits the prompt disposition of a matter when the dispute rests solely on a question of law. *Tisei v. Town of Ogunquit*, 491 A.2d 564, 568 (Me. 1985).

At this stage of litigation, there is a genuine issue of material fact as to whether the parties entered in to an oral contract to allow Ms. Parslow to live rent free at 26 Common Street for the rest of her life, i.e., a life estate, in exchange for child care for John Provost's children. *See June Roberts Agency, Inc. v. Venture Props., Inc.*, 676 A.2d 46, 48 (Me. 1996) ("Generally, the existence of a contract is a question of fact to be determined by a jury."). In support of her assertion of partial performance, Ms. Parslow has alleged that she moved from a nicer, subsidized apartment to take possession of the unit at 26 Common Street over ten years ago, she has not paid rent for over ten years, and she took care of John Provost's children as agreed to under the contract.

3

On these facts, a jury could find that Ms. Parslow partially performed her contractual obligation. Further, a jury could also find that John Provost's actions led Ms. Parslow to believe that she was granted a life estate in the unit at 26 Common Street for the rest of her life, which resulted in a misrepresentation that induced Ms. Parslow to partially perform her contractual obligation.

Each element of the doctrine of partial performance generates a genuine issue of material fact for the jury. Accordingly, summary judgment is inappropriate.

The entry will be as follows:

Plaintiff's Motion for Summary Judgment is DENIED.

Dated: May 5, 2006

G. Arthur Brennan
Justice, Superior Court

Dana E. Prescott, Esq. - PL
Eric B. Cote, Esq. - DEF

4